DERBY, APPELLANT, *v.* THE WESTMINSTER FOUNDATION OF OHIO, APPELLEE.

(No. 4404—Decided February 19, 1951.)

*Mr. James M. Hengst,* for appellant.
*Mr. Robert P. Duncan* and *Mr. Herbert C. Sherman,* for appellee.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County dismissing plaintiff's amended petition. The defendant's demurrer to the amended petition was sustained, and, the plaintiff electing not to plead further, the cause was dismissed.

The plaintiff, in her amended petition, alleges that on August 26, 1946, defendant agreed to lease from the plaintiff and the plaintiff agreed to lease to the defendant under a 99-year lease certain premises located in Columbus, Ohio, the lessee to pay an annual rental of $1,500 and to expend $3,000 or more within six months in remodeling. It is alleged further that the lessee was given an option to purchase the premises for $30,000 upon the death of lessor. After describing the property, the plaintiff alleges further:

"On the third day of October, 1946, plaintiff was ready, willing and able to perform her part of said contract and tendered to defendant a ninety-nine-year lease executed by her and demanded that defendant execute said ninety-nine-year lease and to accept possession of said premises.

"After due and diligent effort, plaintiff leased said premises to another lessee upon the best terms obtainable, with the right on the part of said lessee to purchase said premises after the death of lessor for twenty-five thousand dollars ($25,000), whereby plaintiff was specially damaged in the sum of five thousand dollars ($5,000). Plaintiff was compelled to incur liability for and paid for legal services in the reasonable amount of five hundred dollars ($500), to her special damage in said amount. Plaintiff was otherwise generally damaged in the sum of five hundred dollars ($500), all to her total damage in the sum of six thousand dollars ($6,000).

"Wherefore, plaintiff prays judgment against defendant in the sum of six thousand dollars ($6,000) with interest from the third day of October, 1946, and for her costs herein."

The defendant filed a general demurrer to the amended petition.

The lower court, in passing on the demurrer in a written opinion, stated:

"The contract which defendant refused to execute was a lease with an option to purchase and not a contract to purchase the premises. Neither defendant nor the present lessee is obligated to exercise the option. The election to exercise or refuse to exercise such an option lies with the lessee and not the lessor. Plaintiff would have no cause of action against lessee for refusal to exercise the option. Plaintiff's measure of damages is based upon the theory that defendant would have exercised the option. Defendant was not required to elect until her death, and it cannot be assumed that defendant would have elected to purchase at that time.

"Under these circumstances plaintiff fails to state a cause of action for the reason that no present damage to plaintiff is alleged flowing from the breach of the contract set out in plaintiff's petition. Attorney fees may not be recovered, since plaintiff does not state a cause of action and for the further reason that they are not an element of damages for breach of such a contract."

It is conceded by the plaintiff that no recovery can be had for attorney's fees unless recovery can first be had for substantial damages flowing from a breach of contract.

Counsel for both parties agree that there is no case law in Ohio on the legal proposition herein raised.

The plaintiff contends that the facts stated fall within the general rule found in 1 Restatement of the Law of Contracts, 521, Section 332, which, in part, is as follows:

"Where a right to a promised performance is conditional upon the happening of some fortuitous event, the promisee can recover damages measured by the value of the conditional right at the time of breach, (a) if it is impossible to determine with reasonable

certainly [certainty] whether or not the event would have occurred if there had been no breach * * *.''

The comment under this section is as follows:

"*a*. In cases within the Section it is not merely profits that are uncertain. It is the existence of any duty of immediate performance by the defendant that is uncertain; the defendant's promise is aleatory (see Section 291), and actual failure to render the promised performance might not be a breach of duty. The breach by the defendant is either a repudiation or the prevention of the performance of a condition (see Section 315); and it takes place before the expiration of the time allowed for the occurrence of the condition precedent. It may make it impossible to determine at the trial whether or not the condition would have occurred or will yet occur; or it may cause the injured party to make a new contract for the carrying of the risk. The plaintiff should not be given damages measured by a promised performance that it might never have been the defendant's duty to render; and yet he should not be deprived of a remedy in damages. He can maintain an action for restitution; but he also has the alternative remedy of a judgment for the value of his conditional contract right at the time of the breach. It may also be described as the value of his 'chance of winning.' The rule here stated may be regarded as permitting the recovery of a part of the value of the promised performance, when the rule in Section 331 forbids the recovery of the whole, that part being proportioned to the chance that the performance would have become due under the contract, as the chance is indicated by the market for the plaintiff's conditional right.''

"Illustrations of Clause (a):

"1. The A Journal Company offers prizes in a subscription contest. B enters the contest and has a good

lead for the first prize when A discontinues the contest. It is not possible to show which prize B would have won; but his chance of winning some one of the prizes was so good as to have a sale value. B has a right to damages measured not by the value of any particular prize, but by the value of his contract right, at the time of breach, that his opportunity to win a prize should not be destroyed.

"2. In a state where lotteries are lawful, A contracts to pay $10,000 to the person holding the duplicate of the ticket that may be drawn first from a box containing the whole number of tickets. B holds duplicate ticket number 263. In breach of his contract, A fails to put number 263 in the box; and another ticket holder receives the prize. Before the drawing, the value of tickets like 263 is $10 each. A can get judgment for $10 as damages.

"3. A offers a prize for the winning of a race and accepts from B the required fee for the entry of B's horse. When the race is run A wrongfully prevents B's horse from taking part. It cannot be proved with certainty whether or not B's horse would have won the race; but B can prove that many speculators would have paid one-fourth of the amount of the prize for B's chance of winning it, the odds against B's horse being 4 to 1. A verdict in B's favor for one-fourth of the amount of the prize will be sustained."

The defendant contends that the facts stated by the plaintiff in her amended petition do not fall in that class of cases referred to in the above section. In the comment it is stated that the promise on the part of the defendant which is sought to be enforced is "aleatory." In the same work, on page 430, Section 291, there is given a definition of an "aleatory promise" as follows:

"An 'aleatory promise' in the Restatement means

a promise conditional on the happening of a fortuitous event, or an event supposed by the parties to be fortuitous.''

In Comment *a* under Section 291, *ibid.*, a fortuitous event is defined as follows:

''A fortuitous event within the meaning of the present and subsequent Sections is an event which so far as the parties to the contract are aware, is dependent on chance. It may be beyond the power of any human being to bring the event to pass; it may be within the control of third persons; it may even be a past event, as the loss of a vessel, provided that the fact is unknown to the parties. The event may be positive or negative—an occurrence or a failure to occur. But the fact that the time or amount of performance is dependent on a fortuitous event does not make a promise aleatory.''

Thus it appears that Section 332, *ibid.*, refers to the happening of an event which may or may not occur; a happening which depends upon chance.

The pocket supplement to Restatement of the Law of Contracts, Ohio Annotations, under Section 332, states that no cases in Ohio have been ''found involving the problems discussed in this Section.'' Under Section 291, it is stated that the term, ''aleatory,'' does not seem to be used by the Ohio courts and is found in the civil law.

The trial court, in passing on the demurrer to the amended petition, found that the plaintiff had not stated a cause of action, solely on the basis that a portion of the damages claimed was not recoverable. We are not required to pass on the narrow question of the right of the plaintiff to recover damages because of the difference in the options to purchase. In testing the amended petition against demurrer, the court is not so limited. The plaintiff in her amended petition claimed $5,000 damages, being the difference between

the option under the lease, which the defendant was required to execute, and the option which was executed by the lessee under the second lease, and claimed $500 attorney's fees growing out of the breach and $500 as general damages by reason of the breach. If the court were to exclude from the amended petition all damages relative to the option and attorney's fees, there still would be alleged a breach on the part of the defendant and general damages in the amount of $500. A breach of contract always creates a right of action; but a breach sometimes occurs without causing substantial damages. In such case the plaintiff can recover nominal damages. 1 Restatement of the Law of Contracts, 502, 503, Section 328. Whether the plaintiff, under the law, may recover as substantial damages, such as are alleged in her amended petition, the difference between the two options is not a matter for the court to consider in testing the plaintiff's cause of action on a general demurrer.

This court, in determining whether the trial court properly sustained the demurrer to the amended petition, must be controlled solely by the allegations stated in the amended petition in determining whether a good cause of action has been stated; facts stated in the brief of counsel for the plaintiff cannot be considered. If the facts stated in plaintiff's brief had been pleaded we would still have the question whether the amended petition was good against demurrer.

The plaintiff's amended petition states a good cause of action for breach of contract, although open to a motion to make definite and certain. The demurrer should have been overruled.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and MILLER, J., concur.