Mark DeCastro appeals the Jackson County Court of Common Pleas entry granting the Wellston City School District Board of Education, Gerald Stott and Paul Remke's (hereinafter "Board of Education") motion for summary judgment. He assigns the following error:
 THE COURT BELOW ERRED IN GRANTING SUMMARY JUDGMENT ON BEHALF OF APPELLEES.
We agree with appellant and sustain this sole assignment of error.
In March 1998, the Wellston Teachers Association went on strike. At the time, appellant was a senior at Wellston High School, Mr. Remke was the prinicipal of the high school, and Mr. Stott was the school district superintendent and Mr. Remke's supervisor.
Both of appellant's parents are teachers in the Wellston City School District and, at their request, appellant did not attend school on March 17, 1998. At the end of the school day, however, appellant went to an area behind the high school to "see what was goin' on." Appellant and a large group of other students observed replacement teachers being escorted into a waiting van. The students yelled derogatory phrases at the replacement teachers.
According to appellant, one of the replacement teachers was struck by an egg as he was walking to the van. The replacement teacher looked at appellant and said, "I'm going to kick somebody's ass" as he motioned towards appellant. Appellant then said, "All right, let's go" and stepped towards the teacher. The replacement teacher gestured to his crotch, made a threat or disparaging remark about appellant, and walked towards the van.
Appellant and the replacement teacher continued exchanging verbal insults until Mr. Remke grabbed the teacher by the arm and pushed him into the van. Appellant then went around the side of the van so he could see the replacement teacher. Upon seeing appellant, the replacement teacher leaned over and starting yelling and motioning again. Appellant started "poking at the window" with his finger and may have slapped the window with his whole hand. Several other students were pounding on the windows of the van and yelling obscenities but appellant could not name any specific students.
Approximately one month after this incident and two weeks after the strike ended, appellant received a notice that he was being disciplined for this confrontation. Specifically, appellant was told that he had been disrespectful to a teacher or employee of the school in violation of the student handbook. Appellant was told that he would receive a two day out-of-school suspension. After appealing this disciplinary action, appellant served a four day in-school suspension instead. During this suspension, appellant did not attend classes but was permitted to complete school work and was not academically penalized. Appellant admitted that he incurred no monetary damages. Appellant asserts that he was damaged in that he did not attend his final four days of high school and was denied the opportunity to reminisce about his school years with his classmates. He also was not allowed to attend various meetings regarding graduation.
Appellant filed a lawsuit against the Board of Education alleging intentional infliction of emotional distress, negligent infliction of emotional distress and breach of contract. In his third cause of action, appellant argued that the Board of Education breached the non-reprisal clause of the negotiated contract between it and the teachers' union when it disciplined appellant for his activities. Appellant asserted that he was a third-party beneficiary of the contract. The relevant clause reads:
 There shall be no reprisals of any kind against the Association, its officers, members, agents or against any employees, parents or students for any action or activity by or failure to act occurring during the March 1998 Wellston School strike or related in any way to said strike by the Board of Education as individuals or in a collective body or by any administrator, other person employed by the Board of Education or any agent of the Board of Education.
(Emphasis added.) Appellant admits that he violated the student handbook regulations but asserts that the disciplinary action taken by the school district breached the non-reprisal clause.
The Board of Education filed a motion for summary judgment on all three causes of action. In his opposing memorandum, appellant conceded that summary judgment was appropriate as to the first two causes of action but not the third. The trial court granted summary judgment on all three causes of action. As to the breach of contract claim, the trial court held that "it [was] not required to make a determination whether the non-reprisal clause applies * * *." The court further ruled that "[Appellant] has failed to establish any measurable item of damage which would be compensable under a contract claim. As a result of [appellant's] failure to sustain measurable compensable damages; the Court finds that [the Board of Education's] motion is well taken * * *." Appellant filed a timely appeal from this entry.
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties,Inc. v. Firestone Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is a genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; cf., also, State ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 14; Civ.R. 56 (C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which (1) that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. SeeDresher v. Burt (1996), 75 Ohio St.3d 280; Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus; Stewartv. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35.
Appellant asserts that the trial court erred in holding that he must prove actual damages in order to recover under a breach of contract theory. We agree.
"A breach of contract always creates a right of action * * *."Derby v. Westminster Found. of Ohio (1951), 90 Ohio App. 31, 37. See, also, Farnsworth on Contracts (2 Ed. 1998) 187-188, Section 12.8; 22 American Jurisprudence 2d (1988) 42, Damages, Section 15. Compensatory damages in breach of contracts cases are awarded to make an aggrieved party "whole" and, consequently, can not exceed the amount of a party's injuries such that he would be placed in a better position. 30 Ohio Jurisprudence 3d (1981) 19, Damages, Section 9. However, where actual damages are not proven or no loss was caused by the breach, nominal damages may be awarded. FirstNatl. Bank of Barnesville v. Western Union Telegraph Co. (1876),30 Ohio St. 555, paragraph one of the syllabus; McNellis v. BFR Realty
(Nov. 30, 1994), Lorain App. No. 93CA5683, unreported; Famera v. CustomDesigners, Inc. (Aug. 7, 1991), Montgomery App. No. 12414, unreported; Restatement of the Law 2d, Contracts (1981) 110, Section 346 (2), Comment b; 22 American Jurisprudence 2d at 44, Section 17; Farnsworth at 188, Section 12.8.
The Board of Education relies on case law from other appellate districts to support its position that actual damages must be proven as an element of a breach of contract claim. See, e.g., Textron Financial Corp. v.Nationwide Mut. Ins. Co. (1996), 115 Ohio App.3d 137; Hackathorn v.Springfield Local School District (1994), 94 Ohio App.3d 319. While we agree that should be the law, we cannot conclude that it is. As noted above, the black letter of the law on this issue is clear. The Supreme Court of Ohio has not overturned its holding in First Natl. Bank of Barnesville
allowing for nominal damages. As an inferior appellate court, we are duty bound to the Supreme Court's pronouncements of law when they are on point. Therefore, we can not follow the line of cases that hold actual damages are required to prevail in a breach of contract action.
As an alternative theory, the Board of Education argues that appellant's discipline had no causal connection to the strike and, therefore, appellant is not protected by the non-reprisal contract provision. The trial court specifically declined to decide this issue. While we must conduct a de novo
review of the lower court's decision, it would be improper to review an issue that the trial court did not consider. See Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 360.
Therefore, appellant's sole assignment of error is sustained and this matter is reversed and remanded to the trial court for further action consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.