DECISION AND JUDGMENT ENTRY
This is an appeal from the Pickaway County Court of Common Pleas, which granted summary judgment in favor of the Defendants.
Plaintiffs appeal designating two assignments of error.
 Assignment of Error 1. The trial court errored (sic) in granting Defendants' motion for summary judgment.
 Assignment of Error 2. The trial court errored (sic) in overruling Plaintiffs' motion to set aside the judgment pursuant to Civil Rule 60 (B).
Civ.R. 56(C) provides the procedure for summary judgment. The rule provides in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only there from, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination.Midwest Specialties, Inc. v. Firestone Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146; cf., also, Stateex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14; Civ.R. 56(C).
The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. Wingv. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
In this case, Plaintiff Noel filed suit claiming that he was sitting in a chair at one end of an oblong table located between two concessions stands and that as Defendant Gribben was operating his golf cart at the other end, he struck the table and knocked Noel out of his chair and injured him.
There is no dispute that when Gribben first arrived, he backed his golf cart into the space at one end of the table. The cart made contact with the table, which was then pressed against Noel's belly at the other end, but this did not cause any harm. When Gribben came to rest, the cart pressed against a chair, which was pressed against the table, which was pressed against Noel.
About fifteen or twenty minutes later, Gribben started the cart again, and this is where there is a dispute in the evidence. Noel did not see Gribben in the cart and said he was just knocked to the ground. A chair at Gribben's end of the table and a tire on the golf cart were damaged. Noel contends that the cart was still in reverse when Gribben started it again and that is what caused him to be knocked down.
In granting the motion for summary judgment, the trial court held,
 in summary, the Court has reviewed the evidence submitted in this matter and finds that Plaintiff has failed to prove that the Defendant negligently operated a golf cart and which negligent operation was the proximate cause of Plaintiff's injuries (emphasis supplied)
This is not the proper standard for deciding a motion for summary judgment. The question on summary judgment is not whether one side or the other has proved their case, but whether there is a genuine issue of fact.
We believe the trial court has misconstrued the holdings in such cases where it is said that a party may not rely on the unsupported allegations in the pleadings. This requirement is that a party file affidavits, depositions, etc., in support of or in opposition to a motion for summary judgment. If a person files an affidavit, which reiterates the facts alleged in his complaint, he is relying on the affidavit and not on the allegations in his complaint. See Dresher v. Burt (1996),75 Ohio St.3d 280.
The party moving for summary judgment bears the initial burden. To satisfy this burden, the moving party need only inform the trial court of the basis of its motion and identify portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Dresher, supra, at 293.
The Ohio Supreme Court has stated in Norris v. Ohio Std. Oil. Co.
(1982), 70 Ohio St.2d 1, 2:
 Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party * * *.
As the evidence is examined, the inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions, the motion should be overruled. Hounshell v. Am. StatesIns. Co. (1981), 67 Ohio St.2d 427. All competing inferences and evidence must be construed in favor of the non-moving party in deciding a motion for summary judgment. Civ.R. 56(E); Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505.
There are reasons why the evidence presented on a motion for summary judgment is always construed in favor of the party opposing the motion, and why that party is given the benefit of all favorable inferences that can be drawn from it. One reason, of course, is that credibility determines many cases. In many cases a plaintiff may only have his own testimony to support his claim, as for example in a one on one assault case or in a case where a plaintiff claims he entered the intersection on the green light. Another reason, perhaps a more fundamental reason, is that we use the jury system where disputed facts are to be decided by a jury. Since the jury decides not only the facts but also makes reasonable inferences from those facts, on summary judgment such reasonable inferences must also be made most favorably toward the party against whom the motion is made.
In this case, there are reasonable inferences, which if made from the evidence before us, would create a genuine issue of fact for a jury to decide. For example, Gribben restarted his golf cart intending to drive away. If the cart had been in a forward gear it would have moved away from the table and Noel. The undisputed evidence is that it did not. For some reason, the cart remained right by the table until after Noel was injured. Noel suggested in his deposition testimony that the cart was still in reverse, which Defendants counsel characterizes as mere speculation, but it is a reasonable inference for anyone to make. The damage to the chair next to the table, and to the tire on the cart are sufficient to infer that it hit what was in line behind it, the table against which Noel was resting.
This Court wishes to emphasize that we are not holding that Plaintiff's version of what transpired is true, but only that it creates a genuine issue of fact. It is significant that in his answer to the complaint, Gribben admits bumping the table, once.
The affidavit of Benson states that he only saw the cart bump the table once. The affidavit of Albanese indicates that he only saw the cart bump the table once. Counsel for Appellant suggests that Albanese' deposition contradicts or expands on his affidavit and there may be a question of whether this deposition is part of the record, but that has no bearing on our determination that there is a genuine issue of fact in this case: Did Gribben's golf cart hit the table once or twice? This is a question for the jury.
Based on the foregoing, we find that Assignment of Error 1 is well taken.
Based on our finding that Assignment of Error 1 is well taken, we find that Assignment of Error 2 is moot. In summary, Plaintiff claims that when the court extended the time for taking the Albanese deposition, it impliedly extended the time for the non-oral hearing date. Plaintiff asserts that it was error for the trial court to have decided the motion for summary judgment without considering that deposition or to have refused Civil R. 60(B) relief so that it could be considered. Since we have found that there is a genuine issue of fact without reference to the Albanese deposition, and since we are reversing and remanding on that ground, and since any decision we might reach on the matter would be only advisory, the issue is moot. Assignment of Error 2 is overruled as being moot.
Based on the foregoing, the Court sustains Assignment of Error 1 and finds that the trial court erred in granting Defendant's motion for summary judgment. The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
Kline, J. Concurs in Judgment Only.
Harsha, J. Concurs in Judgment Only with Concurring Opinion.
For the Court, Lawrence Grey, Judge
Judge Lawrence Grey, retired of the Fourth District Court of Appeals,sitting by assignment of the Ohio Supreme Court in the Fourth District.