THE STATE, EX REL. COULVERSON, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *State, ex rel. Coulverson, v. Ohio Adult
Parole Auth.* (1991), 62 Ohio St.3d 12.]

(No. 91–133—Submitted March 12, 1991—Decided September 25, 1991.)

*Ralph P. Coulverson, pro se.*

*Lee I. Fisher,* Attorney General, and *Gerald E. Dailey,* for appellees.

14

*Per Curiam.* In this appeal, Coulverson contends that the court of appeals erred in denying a continuance and granting summary judgment. We affirm.

Coulverson asked for a continuance under Civ.R. 56(F) for the purpose of conducting discovery in this mandamus action, but the court of appeals refused. Coulverson assigns this refusal as error. However, Coulverson did not submit a valid affidavit for the court to consider under Civ.R. 56(F). His "affidavit" is not sworn before anyone authorized to give oaths. It is void. Thus, the court of appeals could not act under Civ.R. 56(F).

We turn to the propriety of granting summary judgment. A court may render summary judgment only if the evidence, construed most strongly in the non-moving party's favor, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Coulverson contends that summary judgment was improper here because genuine issues of material fact exist.

Rejecting Coulverson's claim that he was denied counsel at the parole hearing, the court of appeals noted that Coulverson rejected the public defender's proffered services. Coulverson argued that the public defender had a conflict of interest; however, Coulverson submitted no evidence of any conflict.

Coulverson argues that he did not need to submit such evidence. To obtain summary judgment, he argues, the APA had to prove that no conflict existed. We disagree. The moving party need not support its motion with affidavits negating every claim of the non-moving party. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800–801, fn. 5. Instead, the moving party must "specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff, supra,* syllabus.

The APA carried this burden. Citing Coulverson's own complaint, the APA pointed to three specific occasions when Coulverson refused a public defender. The APA thus specifically delineated the basis on which it sought summary judgment: that Coulverson had not been denied counsel, but had refused to accept it when offered. This was sufficient to establish the absence of a genuine issue.

It was then Coulverson's task to negate the APA's showing by establishing that a genuine issue existed. His conclusory, nebulous allegation of a conflict of interest was not enough. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Since Coulverson declined to submit evidence, the court of appeals had no choice but to grant summary judgment against him.

Rejecting Coulverson's claim that the APA denied him discovery, the court of appeals held that Coulverson's discovery request to the public defender, who did not represent him, was "insufficient to constitute a request of respondents." Coulverson responds that his request to the public defender should be deemed a request to the APA, because the APA requires that inmates request discovery through the public defender. Like his conflict-of-interest argument, however, this claim is devoid of evidentiary support.

Coulverson complains that the Parole Board refused to let him call as witnesses inmates of other prisons and the police officers who arrested him for receiving stolen property. The court of appeals reasoned that these witnesses could have given no relevant testimony, since "[t]he only issues before the parole board were the conviction of a crime, to which relator voluntarily pled guilty, and his failure to stay in a drug rehabilitation program and to report to his probation officer."

Coulverson argues that the testimony cannot be dismissed as irrelevant on the basis of his misdemeanor conviction, because such a conviction cannot constitute conclusive proof of a parole violation. Coulverson quotes Ohio Adm.Code 5120:1-1-19(A)(1): "In the event a releasee is convicted and sentenced on a new felony under Ohio law, it shall be conclusively presumed that Administrative Regulation 5120:1-1-12 has been violated. In such cases, as applicable, the parole revocation hearing will be confined to the determination of mitigating circumstances." According to Coulverson, by not mentioning misdemeanor convictions, the regulation implicitly forbids the board to treat them as conclusive.

We cannot agree. If the regulation merely authorized the board to treat felony convictions as conclusive, omission of misdemeanors might well imply that the board could not treat them the same way. But the regulation actually requires the board to treat felony convictions as conclusive. While misdemeanor convictions are excluded from this requirement, it does not follow that the board may never treat them as conclusive. *Expressio unius est exclusio alterius* does not mean that anything not required is forbidden. Cf. *State, ex rel. Lipschutz, v. Shoemaker* (1990), 49 Ohio St.3d 88, 551 N.E.2d 160.

The regulatory context supports our interpretation. Ohio Adm.Code 5120:1-1-12(B)(1) requires that, as a condition of parole, "[t]he releasee shall abide by all federal, state, and local laws * * *." Thus, a misdemeanor, no less than a felony, is a parole violation, which need only be proved by "substantial evidence." Ohio Adm.Code 5120:1-1-19(D) and (E). A conviction, of course, means that the state has already carried a heavier burden of proof. It would thus be pointless to permit parolees to relitigate their guilt in

revocation hearings. We doubt that the drafters of Ohio Adm.Code 5120:1–1–19(A)(1) meant to expand a parolee's rights so far beyond due process, see *Morrissey v. Brewer* (1973), 408 U.S. 471, 490, 92 S.Ct. 2593, 2604–2605, 33 L.Ed.2d 484, 499, and find it even less likely that they would seek to do so by implication.

A parolee convicted of a new crime has no right to defend against revocation by insisting that, conviction or no conviction, he is really innocent. The board, in its discretion, may treat misdemeanor convictions as conclusive evidence of a violation. Thus, Coulverson had no right to present testimony on the issue of his guilt or innocence. We agree with the court of appeals that such testimony was irrelevant.

Coulverson also argues that the APA's motion made no contention that the testimony would have been irrelevant, denying him "a meaningful opportunity to respond" to that contention, *Mitseff, supra,* which the court of appeals found decisive. We disagree. The APA's motion stated that Coulverson "received the process due him" at the hearing, implicitly asserting that he was not denied his right to call witnesses. The motion further stated that "Coulverson admitted violation of laws." The APA submitted certified copies of Coulverson's guilty plea and the judgment of conviction. The APA was clearly arguing that Coulverson had no right to relitigate his guilt in a revocation hearing. Coulverson thus had notice of the motion's basis. *Mitseff, supra.*

Finally, Coulverson complains that the parole officer's reports, which came into evidence against him, contained information from the arresting officers. Since the officers did not testify, Coulverson contends that the reports' admission denied him "the right to confront and cross-examine adverse witnesses * * *." *Morrissey, supra,* 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. But a parolee contesting revocation does not have the same confrontation rights as does a trial defendant. The Parole Board may admit hearsay. *Morrissey, supra.*

The court of appeals' judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.