This is an appeal from the Lawrence County Court of Common Pleas. Plaintiffs Lester and Garnet Scarberry were the owners of a house and three other properties, two in Ohio and one in West Virginia. In September 1996, Lester was in the hospital facing heart surgery. At the suggestion of their accountant, Hugh Daniel, he and Garnet conveyed the properties to their son, Ricky Allen Scarberry. Lester Scarberry and Hugh Daniel testified that this conveyance was done with the intention that Ricky would convey the properties back to Lester and Garnet on their demand. Lester survived the operation, but on December 18, 1996, Ricky died suddenly without having re-conveyed the properties.
Appellee Pamela Scarberry, Ricky's former wife, was appointed administrator of his estate. Pamela Scarberry refused to convey the properties and Lester and Garnet brought this action seeking to recover them. Both sides filed motions for summary judgment, and the trial court granted judgment in favor of the appellees.
From that judgment, appellants take this appeal designating two assignments of error.
ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT BECAUSE THERE WAS (sic) MATERIAL ISSUES OF FACT WHICH PROHIBITED GRANTING A SUMMARY JUDGMENT TO THE DEFENDANT."
 ASSIGNMENT OF ERROR II
 "THE TRIAL COURT ERRED IN HOLDING THAT THE STATUTE OF FRAUDS AND THE PAROLE EVIDENCE RULE PROHIBIT CONSIDERATION OF EVIDENCE OF A RESULTING TRUST."
These assignments of error shall be treated jointly.
Civ.R. 56(C) provides the procedure for summary judgment. The rule provides in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. FirestoneTire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; cf., also, State, ex rel. Coulverson v. Ohio Adult Parole Auth.
(1991), 62 Ohio St.3d 12, 14; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
When reviewing an order for summary judgment, we do not give deference to the trial court. In a case regarding the propriety of a summary judgment, our review is de novo in nature and we apply the same standard as the trial court. See Tohline v.Central Trust Co., N.A. (1988), 48 Ohio App.3d 280, 281; Howardv. Wills (Sept. 11, 1991), Jackson App. No. 641, unreported. In applying the same standard in conducting this de novo review, the appellate court must, as was said in Turner v. Turner
(1993), 67 Ohio St.3d 337:
 "In deciding whether an evidentiary conflict exists so as to preclude summary judgment, the trial court must adhere to Civ.R. 56(C) and view the record in the light most favorable to the party opposing the motion. * * * Even the inferences to be drawn from the underlying facts contained in the affidavits and depositions * * *."
The facts included in the evidentiary material presented to oppose a motion for summary judgment must be admissible into evidence, and that is the issue we have here. Plaintiffs proffered facts by affidavit and deposition to establish that the deeds from Lester and Garnet were a gift but that they were intended to be subject to a reversionary interest on demand by the grantors. The deeds themselves contain no such language. The appellees contend that since plaintiffs' evidence would not be admissible under the parol evidence rule, the trial court could not rely on these evidentiary materials for summary judgment purposes. The trial court agreed, and granted summary judgment in favor of the appellees, holding:
 "The face of the deed is clear and unambiguous. There is only oral testimony of subsequent statements of intent offered by the plaintiffs which are inadmissible in violation of the parol evidence rule and the statute of frauds."
The statute of frauds is not a problem in this case since it only requires that there be an instrument in writing and there is one in this case. The issue in this case is what that instrument was intended to convey. The trial court found that under the parol evidence rule oral statements of intent cannot be used to controvert the express terms of an instrument. The court reasoned that if such testimony were admissible, the validity of any deed could be challenged by oral testimony alone.
This is a strong point, but deeds can be challenged, and in a proper case based on the evidence, a court may order recision reformation, impose a constructive trust, or other remedy so that the deed does carry out the grantor's intent. The burden of proof in such a case is substantial in light of Ohio's parol evidence rule which provides as follows:
 § 1302.05 (UCC 2-202) Final written expression; parol or extrinsic evidence.
 "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
 "(A) by course of dealing or usage of trade as provided in section 1301.11 of the Revised Code or by a course of performance as provided in section 1302.11 of the Revised Code; and
 "(B) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."
The language of R.C. 1302.05(B), particularly the phrase, "by evidence of consistent additional terms," is relevant here. Plaintiffs assert there was no intent to convey a fee simple estate to Ricky and there is evidence which is consistent with this contention. Ricky paid no consideration. He never exercised the dominion over the properties that a fee simple owner would. He did not collect the rents from the rental properties; they went to the plaintiffs. He did not collect rent from the plaintiffs. He did not take possession, maintain, or manage any of the properties. Indeed, his actions were consistent with plaintiffs' expression of intent, and things went on as if the deed had never been executed.
The other part of R.C. 1302.05(B) is also applicable here: "unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."
Hugh Daniel testified that he recommended the transfer and plaintiffs agreed because they would retain an interest. Attorney St. Clair testified that he received instructions to prepare the deeds second hand, from Daniel, not Lester Scarberry, and his testimony seems to indicate he thought he was drafting deeds of gift causa mortis, not gifts inter vivos. Lester testified that he signed the deeds in the hospital believing he would retain a right to reconveyance if he survived the operation.
We emphasize here that summary judgment standard is one of reasonable minds, and both the evidence and inferences from that evidence are to be made in favor of the person opposing the motion. Could reasonable minds conclude that Lester intended to convey less that a fee interest to his son, Ricky? Apparently so. The trial court itself reached that very conclusion. In its judgment entry granting summary judgment, the court pointed out that there were several options available, a contract to reconvey or a will from Ricky devising the property back, but that none of them were used. Implicit in the court's finding is that the deeds did not accurately and completely reflect Lester and Garnet's intent as grantors. In effect, the court found that the deeds had, in the language of the statute, "* * * not been intended also as a complete and exclusive statement of the terms of the agreement." In short, the court found that the deeds failed to accomplish what Lester and Garnet intended.
The court would also point out that there is evidence to the contrary, e.g., that if a reconveyance were intended after the operation, why was it not done several months later. There is also the question of fraud. Although Lester denied in his deposition that the transfer was made to avoid paying hospital bills, appellees insist the transfer was fraudulent. We do not reach that issue because it is like many other issues in this case, a question of fact on which reasonable minds may disagree, but would note that if there was fraud, Ricky was part of it which leaves the question of whether his estate should be entitled to benefit from his fraud.
There are just too many questions in this case for summary judgment to have been granted. We find that the trial court erred in granting summary judgment. Assignments of error one and two are found to be well taken and are sustained.
Based on the foregoing, the judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
JUDGMENT REVERSED
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded to the trial court for further proceedings consistent with this opinion. Appellants shall recover of appellees their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Concurs in Judgment Only
Kline, J. Concurs in Judgment Opinion
For the Court:
 By: ____________________ Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.