DECISION AND JUDGMENT ENTRY
Appellant Jeffrey W. Chavis appeals a judgment entered by the Ross County Court of Common Pleas granting summary judgment in favor of appellee Erie Insurance Company. Appellant assigns one error:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Finding appellant's assignment of error to be meritorious, we reverse and remand to the trial court.
On April 20, 1996, appellant was injured when his motorcycle was struck by a vehicle operated by Mark Tanner. At the time of the accident, Mark Tanner was delivering pizzas for W W Pizza, Inc., d.b.a. Godfather's Pizza ("Godfather's"). In March 1998, appellant filed a complaint against Mark Tanner, appellee and John Doe. Appellee is the automobile insurer of appellant's mother, Cora C. Holderbaum; appellant asserted that he was entitled to uninsured/underinsured motorist coverage under his mother's insurance policy. John Doe was named in the complaint as the unknown employer of Mark Tanner.[1]
In September 1993, appellant amended his complaint to name Godfather's as the previously unknown John Doe. Subsequently, appellant settled his claim against Mark Tanner and Mr. Tanner was dismissed from the lawsuit. In April 1998, the trial court granted Godfather's motion for summary judgment and dismissed it from the lawsuit. Thereafter, appellee moved for summary judgment, which the trial court also granted. Appellant filed a timely appeal from this entry.
In its motion for summary judgment, appellee asserted that it was not required to provide underinsured motorist coverage to appellant as Mark Tanner was covered, at the time of the accident, by the insurance policy issued to Godfather's by St. Paul Fire and Marine Insurance Company ("St.Paul") and by his own insurance policy. Appellee further argued that the St. Paul policy provided coverage of $500,000, whereas appellee's policy provided coverage in the amount of $100,000. R.C. 3937.18(A)(2) provides, in relevant part, that:
 * * * Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable body injury liability bonds and insurance policies covering persons liable to the insured.
Based on this provision, appellant is unable to collect from appellee unless the total insurance coverage for Mark Tanner at the time of the accident was less than $100,000.
Appellant does not dispute that this is the state of the law and that if the St. Paul insurance contract provided coverage for the accident, appellee would not be required to provide underinsured motorist coverage. However, appellant submits that there is a factual dispute as to whether the St. Paul insurance policy applied in this case. Specifically, appellant contends that the coverage only applied to Mark Tanner if he was an employee of Godfather's at the time of the accident. If, however, Mark Tanner was an independent contractor, he was not covered by Godfather's insurance policy. Appellant further argues that whether Mark Tanner was an employee or an independent contractor is a factual question that is improper for summary judgment. Appellee argues that the evidence clearly demonstrates that Mark Tanner was an employee of Godfather's. However, appellee asserts that Mr. Tanner's classification as an employee or an independent contractor is irrelevant as the St. Paul insurance policy provides coverage regardless. We agree with appellant that summary judgment was improper, but for a different reason.
In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. FirestoneCo. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988), 37 Ohio St.3d 144,146; cf., also, State ex rel. Coulverson v. Ohio AdultParole Auth. (1991), 62 Ohio St.3d 12, 14; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which (1) that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See Dresher v. Burt (1996), 75 Ohio St.3d 280; Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35.
Appellee relies on the insurance contract between Godfather's and St. Paul, which was attached to its motion for summary judgment, to support its argument that Mark Tanner was covered by the policy. Specifically, appellee relies on a portion of the policy titled "Pizza Delivery Endorsement" which states that "[t]his endorsement changes your Auto Liability Protection." The endorsement further states that "[t]hese changes broaden coverage to protect you while delivering pizza products to your customers in a private passenger auto." Appellee argues that this provision was intended to provide additional coverage to Godfather's while it was delivering pizzas using non-owned vehicles, such as the vehicle Mark Tanner was driving.
We note, however, that the policy attached to appellee's summary judgment motion indicates that it is a renewal policy with an effective date of October 7, 1997. The accident in this case occurred in April 1996 and, therefore, was not covered by this policy. The endorsement page cited by appellee indicates that it is broadening the previous coverage. Without the prior policy, however, we have no way of determining the extent of the prior coverage that was in effect at the time of the accident. Appellee has provided no evidence that the extent of coverage under the attached policy is identical to the coverage at the time of the accident.
While we note that appellant did not raise this argument in its brief, motions for summary judgment are reviewed denovo. Without the correct insurance policy in the record before us, genuine issues of material fact exist as to whether Mark Tanner was covered by the St. Paul insurance policy in effect in April 1996. See Arnold v. Ratcliff (Oct. 26, 1998), Ross App. No. 98CA2408, unreported (holding that where terms of insurance contract are at issue, failure to include insurance policy in record creates genuine issue of material fact). As the trial court did not have the relevant insurance policy before it, the court erred in granting summary judgment.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment Opinion.
For the Court
 By ________________________ WILLIAM H. HARSHA, JUDGE
[1] Appellant asserted that when he filed the complaint he was unaware that Mark Tanner was employed by Godfather's.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.