DECISION
This is an appeal by plaintiff, Phillip D. Cameron, from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants.
On March 24, 1999, plaintiff filed a complaint against defendants, State Teachers Retirement System ("STRS") and State Teachers Retirement Board ("STRB"). Plaintiff's complaint alleged that plaintiff's deceased wife, Ilene Cameron ("Cameron"), was an Ohio public school teacher from 1969 until her retirement in April 1993 and her death on April 18, 1997. The complaint alleged that, from the period of October 1997 until her death in April 1997, Cameron was suffering from an advanced stage of cancer and was not capable of handling her affairs. It was further alleged that, on March 27, 1997, "while not acting with her faculties," Cameron signed a designation of beneficiary form that was provided to her by either STRS or STRB. Cameron nominated her mother and father as designated beneficiaries, the effect of such designation "to deprive Plaintiff of his benefits and rights as the surviving spouse."
Plaintiff alleged that, because of Cameron's "ill advised" election, all of her retirement benefits resulting from her contributions from 1969 through 1993 would be lost. Plaintiff asserted that defendants breached their fiduciary duty to fully and completely inform their beneficiaries of the complete consequences of their actions and elections.
On December 29, 1999, STRB filed a motion for summary judgment. Also on December 29, 1999, plaintiff filed a motion for an order compelling discovery and for an extension of time of six months for discovery. On January 14, 2000, plaintiff filed a motion for an extension of time, until January 28, 2000, to respond to the summary judgment motion. On January 20, 2000, STRS filed a response to plaintiff's motion for an extension of time. On January 28, 2000, plaintiff filed a memorandum contra the motion for summary judgment.
By decision filed February 18, 2000, the trial court granted defendants' motion for summary judgment. In its decision, the trial court also denied plaintiff's motion to compel and denied plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment.
On appeal, plaintiff sets forth the following three assignments of error for review:
ASSIGNMENT OF ERROR NUMBER 1
 The trial Court erred when it overruled Plaintiff's motion to compel discovery and extend the time for discovery.
 ASSIGNMENT OF ERROR NUMBER 2
 The trial Court erred when it overruled Plaintiff's motion to extend the time to respond to Defendants' motion for summary judgment.
 ASSIGNMENT OF ERROR NUMBER 3
 The trial Court erred when it granted Defendants' motion for summary judgment.
We will first address plaintiff's third assignment of error, in which plaintiff contends that the trial court erred in granting defendants' motion for summary judgment. Although plaintiff's argument is brief, his main contention is that the trial court erroneously construed the evidence most strongly in favor of the party filing the motion for summary judgment.
In general, a motion for summary judgment will be granted only where there is no genuine issue of any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, summary judgment shall not be granted unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Id. In reviewing a motion for summary judgment, the non-moving party is "entitled to have the evidence * * * construed most strongly in the party's favor." Id.
In support of its motion for summary judgment, STRB filed the affidavit of Cynthia Hvizdos, staff counsel for STRS. In the affidavit, Hvizdos averred that she is the custodian of records for the STRS, and that the official records of membership are maintained under her ultimate control and supervision.
The affidavit submitted by Hvizdos averred the following. Ilene Cameron first made contributions and became a member of the STRS during the 1968-69 school year. Cameron was granted disability retirement benefits under R.C. 3307.42 and 3307.443 in the original monthly amount of $2,561.88, effective April 1, 1993. Cameron's accumulated contributions, as of April 1, 1993, totaled $45,906.26 ($17,697.10 of which were contributions of after-tax dollars and $28,209.16 of which were pre-tax dollars picked up by her employer). The contributions of $45,906.26 were transferred to the annuity and pension reserve fund as required by R.C. 3307.65(C), effective April 1, 1993, the effective date of disability retirement.
Between April 1, 1993, and her death on April 18, 1997, disability benefits totaling $129,577.66 were paid to Cameron and medical payments were also provided during the same period covering her disability and, ultimately, her terminal illness. On November 7, 1996, Cameron informed the STRS by telephone that her home address would be 36143 La Marra, Sterling Heights, Michigan, 48310.
Also attached to STRB's motion for summary judgment was a notarized copy of a form entitled "Designation of Beneficiaries Prior to Service Retirement." The form states in part:
 I HEREBY DESIGNATE in Part I or Part II beneficiaries to receive my accumulated account, or any survivor benefits to which eligible, in the event of my death before service retirement. I understand that this designation of beneficiaries will be cancelled automatically by marriage, birth of my child, my adoption of a child, divorce, dissolution or legal separation, or withdrawal of my account.
 I UNDERSTAND that certain sole beneficiaries, if qualified, may elect the cash refund of my account, or monthly survivor benefits (Sections 3307.48 and 3307.49, Revised Code). I understand also that surviving joint beneficiaries named below will be eligible to share only in the cash refund of my account and will not be eligible for monthly survivor benefits (Section 3307.49).
 I RESERVE THE RIGHT to change my beneficiaries at any time by filing with the Retirement Board a revised designation.
The beneficiary designation form also contained a general information and instruction page, which provides in part:
COMPLETE EITHER PART I OR PART II, BUT NOT BOTH PARTS
 PART I THE STATUTORY SUCCESSION OF BENEFICIARIES
 The statutory succession of beneficiaries provides either the cash refund or monthly survivor benefits to qualified beneficiaries. This designation is the most desirable for normal family circumstances. If you have not previously filed a beneficiary designation, the statutory succession of beneficiaries now applies to your retirement account. Marriage, birth or adoption of a child, divorce, dissolution or legal separation, or withdrawal of your account will automatically invoke the statutory succession of beneficiaries.
Beneficiaries in statutory succession are qualified in the following order:
 Your spouse (and dependent children in his or her care).
 Survivor benefits to all of your dependent children if benefits are elected.
 All of your nondependent children to share equally in the cash refund.
A Dependent parent(s) if benefits are elected.
Parents to share equally in the cash refund.
Your estate.
* * *
PART II DESIGNATION OF BENEFICIARIES BY NAME
 If the statutory succession of beneficiaries does not meet the requirements of your situation, you may choose to designate beneficiaries by name. In many circumstances, this designation may jeopardize monthly survivor benefit protection to otherwise dependent survivors and provide only a cash refund of your account. * * * If your situation is unusual, you should consult the Retirement System about beneficiary designations. If you elect to name joint beneficiaries, their names must be adjoined with the word "and."
 BE SURE TO PROVIDE PRESENT FAMILY DATA ON REVERSE SIDE OF THIS INSTRUCTION SHEET AND RETURN BOTH COPIES OF YOUR BENEFICIARY DESIGNATION.
In its decision addressing the motion for summary judgment, the trial court noted that Cameron completed the beneficiary designation form by leaving Part I blank and by putting the names and birth dates of her parents on the line for primary beneficiaries in Part II. Cameron also left blank the lines for contingent or alternative beneficiaries. The court further noted that Cameron provided her social security number and birth date, and listed her marital status as married. Finally, Cameron signed the beneficiary designation in the place designated for "member's signature" immediately below Part II, and she also signed in the place indicated for "member's full name" in the "Present Family Data" section, which contains only the names and birth dates of her parents.
In granting defendants' motion for summary judgment, the trial court held in pertinent part that:
 Plaintiff's complaint is based solely on the premise that Mrs. Cameron was not competent to make the change in her beneficiary designation for one of two reasons. Plaintiff states that Mrs. Cameron's medical condition had worsened to the point where she was no longer of sound mind to make the change. Plaintiff also alleges that Defendants somehow failed to inform her of the effects of her beneficiary change, and that had she realized that her parents would only receive a nominal payment upon her death instead of a monthly survivor benefit, she never would have changed her beneficiary designation.
* * *
 * * * [I]n this case there has been no finding that Mrs. Cameron was adjudicated as mentally incompetent, nor has Plaintiff alleged that such an adjudication was made. Further, Plaintiff has submitted no evidence that Mrs. Cameron lacked either contractual or testamentary capacity at the time she changed beneficiaries. Plaintiff has not alleged that Mrs. Cameron's beneficiary change was the product of undue influence, mistake, fraud in the factum, or fraud in the inducement.
 The evidence before the court is that Mrs. Cameron completed a beneficiary designation on March 24, 1997, shortly before her death on April 18, 1997. The beneficiary designation was properly executed on forms that clearly indicated the consequences of making such an election. Mrs. Cameron named her parents, with whom she lived in the months preceding her death, as her beneficiaries.
 Plaintiff has offered no evidence, either through expert or lay opinion, beyond the assertions in his complaint to try to rebut the established presumption in the law that Mrs. Cameron was competent to designate her beneficiary for her retirement account. * * * In the absence of either expert or lay opinion evidence, there is no genuine dispute concerning any issue of material fact in this case, and a grant of summary judgment is therefore appropriate.
In Davis v. Marshall (Aug. 9, 1994), Franklin App. No. 94APE02-158, unreported, a case relied upon by the trial court in the instant case, the plaintiff brought an action asserting that Donna Cain lacked the mental capacity to contract at the time she changed the beneficiary on certain payable on death ("P.O.D") accounts and a life insurance policy. The trial court granted defendant's motion for summary judgment and plaintiff appealed. In Davis, supra, this court discussed the applicable principles in considering a claim of lack of mental capacity to contract, stating in pertinent part:
 It is well-settled that a party seeking to void a contract because of lack of capacity has the burden of proof by clear and convincing evidence. DiPietro v. DiPietro (1983), 10 Ohio App.3d 44.
* * *
 Furthermore, a party who has not been adjudicated as mentally incompetent in a court of law is presumed to be competent. However, the presumption of competency is rebuttable. If the presumption of competency is rebutted, then the contract entered into by the mentally incompetent individual is voidable. * * * By contrast, a formal adjudication of incompetency and appointment of a guardian divests the individual of any contractual capacity, thus making any contract entered into by the mentally incompetent person void. * * * Therefore, in order for plaintiffs to prove that the change of beneficiary contract entered into by Mrs. Cain was either void or voidable, they must prove that she was either adjudicated mentally incompetent or rebut the presumption of mental * * * competency and prove that she was mentally incompetent at the time she executed the changes. (Citations omitted.)
The court in Davis affirmed the trial court's grant of summary judgment in favor of defendant, noting that there was no finding that Mrs. Cain was adjudicated as mentally incompetent, nor was there any evidence presented to rebut the presumption of her competence. Further, there was no evidence submitted "to establish that Mrs. Cain lacked testamentary capacity at the time she changed beneficiaries." Id.
Similarly, in the instant case, there is no evidence creating a genuine issue of material fact to show that Cameron was not competent to make a designation of beneficiaries. As in Davis, there is no evidence that Cameron was adjudicated mentally incompetent. Further, apart from general allegations in plaintiff's complaint, plaintiff has presented no evidence, medical or otherwise, that Cameron was mentally incompetent at the time of her designation of beneficiaries. Given the general presumption that the decedent possessed the requisite mental capacity to make her designation, and in the absence of any evidence creating an issue of material fact to rebut that presumption, the trial court properly granted summary judgment in favor of defendants. Davis, supra. See, also, Buzzard v. Public Employees Retirement System of Ohio (May 9, 2000), Franklin App. No. 99AP-799, unreported ("absent evidence showing that the decedent was adjudicated incompetent, or admissible evidence raising a genuine issue of fact as to the decedent's competency, we find that summary judgment in the defendant's favor was appropriate").
Accordingly, plaintiff's third assignment of error is without merit and is overruled.
Plaintiff's first and second assignments of error are interrelated and will be discussed together. Under his first assignment of error, plaintiff asserts that the trial court erred in overruling his motion to compel discovery and extend the time for discovery. Plaintiff contends that he has been hindered from taking the deposition of Cindy Hvizdos. Under his second assignment of error, plaintiff argues that the trial court erred in overruling his motion to extend the time to respond to defendant's motion for summary judgment.
Regarding plaintiff's motion for extension of time to respond to the motion for summary judgment, the trial court overruled plaintiff's motion because plaintiff failed to submit an affidavit in support. We find no error by the trial court.
In Webber v. State Farm Mut. Auto. Ins. Co. (June 5, 1997), Franklin App. No. 96APE10-1336, unreported, this court held:
 A party opposing a summary judgment motion who does not have by affidavits facts essential to justify his opposition may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits which state a factual basis and which provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had. Civ.R. 56(F); Gates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 168-169 * * *. A trial court has discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F), and its decision will not be overruled absent an abuse of discretion. * * * In State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 14
* * *, the Supreme Court of Ohio held that a court could not act pursuant to Civ.R. 56(F) where no affidavit was presented to support the request for an extension. * * * (Citations omitted.)
The record in this case supports the trial court's finding that plaintiff's motion was not accompanied by a Civ.R. 56(F) affidavit. Accordingly, the trial court did not abuse its discretion in denying plaintiff's motion for an extension of time to respond to defendant's motion for summary judgment.
Plaintiff also contends that the trial court abused its discretion by not granting his motion to compel and to extend the time for discovery. In general, a trial court has broad discretion in controlling the discovery process. Feichtner v. Cleveland (1994), 95 Ohio App.3d 388,397. Further, "[a]bsent an abuse of that discretion, an appellant court may not overturn the trial court's ruling on discovery matters." Id.
Plaintiff requested that the court compel defendants to produce for deposition Cynthia Hvizdos, staff counsel for STRS. The record indicates that STRS sent a letter to plaintiff, indicating that it objected to the proposed deposition because, based upon her position as legal counsel for STRS, the deposition testimony of Hvizdos could violate the attorney-client privilege. In the letter, counsel for STRS indicated that if plaintiff would "relay to me what information you are seeking, I will ensure that you receive this information, and all requested appropriate documents from all appropriate sources."
Plaintiff argued before the trial court that the attorney-client privilege did not apply to Hvizdos. In denying plaintiff's motion to compel, the trial court held in part:
 * * * [C]ontray to Plaintiff's assertions, Defendants have not asserted that everything about which Hvizdos might testify is protected by attorney-client privilege. Defendants have only asked Plaintiff to reveal the nature of the information he seeks from Hvizdos, so that they can avoid issues of attorney-client privilege by providing the information he seeks from other sources to the extent possible.
 Even assuming that the attorney-client privilege does not extend to Hvizdos, any information Plaintiff seeks must still be reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not explained, either to the Defendants or to the court via his motion to compel, the type of information he seeks. Plaintiff's only statement to this court concerning his need to depose Hvizdos states that he would have asked Hvizdos what rules Defendants have adopted governing designations of beneficiaries. * * * Plaintiff's putative query is not reasonably calculated to lead to the discovery of admissible evidence relevant to the issue in this case: whether Mrs. Cameron was competent to make the beneficiary designation that she made. Inquiries about the procedures Defendants followed to record her designation shed no light on the issue of her competency to do so. Further, there is absolutely no evidence in the record that Hvizdos is in a position to shed any light on the issue of Mrs. Cameron's competency even if she were deposed. * * *
In the present case, as noted in the trial court's decision, plaintiff had approximately forty-two weeks, from the filing of the underlying suit until the discovery cut-off date, to conduct and complete discovery. A review of plaintiff's memorandum contra defendants' motion for summary judgment supports the trial court's finding that the information plaintiff sought from Hvizdos had no bearing on the issue of Ilene Cameron's competency to designate beneficiaries. Further, at the time of the discovery cut-off date, the record fails to indicate that plaintiff had made any attempt to depose any other witnesses to establish plaintiff's contention that Cameron was not competent to make the designation. Under the circumstances of this case, including the length of time plaintiff had to conduct discovery, we cannot conclude that the trial court's decision to overrule plaintiff's motion to compel and extend discovery constituted an abuse of discretion.
Accordingly, plaintiff's first and second assignments or error are without merit and are overruled.
Based upon the foregoing, plaintiff's first, second and third assignments of error are overruled and the judgment of the trial court is hereby affirmed.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.