[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Ronnisha Hughes brought a civil action for the death of her father, Ronald Eugene Black. Black's death had resulted from the injuries that he had sustained in a fall while he was cleaning the stands of Cinergy Field as a temporary worker.
Hughes sought compensation for Black's death under two separate causes of action: Black's claim for personal injuries; and a claim for wrongful death. Both causes of action implicated Black's employers, Minute Men, Inc., and defendants-appellees the Cincinnati Reds, Inc., and Carolyn Brown, his immediate supervisor in the stadium. Under each cause of action, Hughes alleged that Black's employers were responsible for the death because they were negligent, or because they had committed an intentional tort.
The trial court granted Minute Men's motion to dismiss, and Hughes does not appeal this part of the judgment. But the court also granted the Reds' and Brown's motion for summary judgment, holding that (1) Hughes's exclusive remedy for his employer's negligence was under the Ohio Workers' Compensation Act; and (2) Hughes had failed to meet the requisite legal standard to support her intentional-tort claim.
Hughes now appeals only the final aspect of the trial court's judgment. She argues that the court erred in granting summary judgment for the Reds and Brown on her intentional-tort claim. Hughes believes that she demonstrated that the Reds and Brown had knowledge of a dangerous condition at the stadium, that there was specific evidence in the record to demonstrate all the elements of an intentional tort, and that she should have been granted more time by the trial court to complete discovery. Because the record does not contain evidence of all the elements of an intentional tort, we affirm the trial court's judgment.
We review the trial court's grant of summary judgment in favor of the Reds and Brown de novo, using the same standard that the trial court applied.[1] Under Civ.R. 56(C), summary judgment in favor of the Reds and Brown was appropriate if they demonstrated that (1) there was no genuine issue of material fact, (2) each was entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for Hughes, reasonable minds could only reach a conclusion adverse to her.[2]
The parties agree that in order to establish that the Reds and Brown had committed an intentional tort against Black, Hughes must have demonstrated three things. She must have shown that the Reds and Brown knew (1) of a dangerous condition in their business operation, (2) that Black's encounter with the dangerous condition in the course of his employment was substantially certain to harm him, and (3) that, under these circumstances, the Reds and Brown still required Black to perform the dangerous task.[3]
To prove that the Reds and Brown were substantially certain that harm would result from Black's encounter with a dangerous condition in their business operation required that Hughes meet a high standard more than negligence or recklessness on the employer's part. Had the Reds and Brown subjected Black to a dangerous condition, despite their knowledge of some risk, they may have been negligent.[4] As the probability increased that Black would have been harmed, then their conduct could have been deemed reckless.[5]
But only if the Reds and Brown had known that Black was certain or substantially certain to be injured, and still required that he proceed, could Hughes have demonstrated the requisite intent for an intentional tort.[6] Only then could the Reds and Brown have been treated at law as though they "had in fact desired to produce the result."[7] Again, "the mere knowledge and appreciation of a risk something short of substantial certainty is not intent."[8]
The record demonstrates, at best, that the Reds and Brown may have had some knowledge of the existence of a dangerous condition at Cinergy Field. The railing in the
stands may have been lower than required by the Occupational Safety and Health Administration in 1978.[9] But even if this is true, and even if the Reds and Brown knew that this created a dangerous condition, nothing in the record suggests that they were substantially certain that Black would be injured if they directed him to sweep the stands. There is, in fact, no direct evidence that Black's fall was even the result of a dangerous condition. The record does not demonstrate what preceded Black's fall.
In implicit recognition of the dearth of evidence relating to Black's fall, Hughes also complains that the trial court should have given her more time to complete her discovery and depose potential first hand witnesses to the incident. It would certainly have been within the trial court's discretion to grant such a continuance,[10] but the record does not show that such a request for additional time was ever properly before the court.[11] Hughes's assignments of error are overruled.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] See Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243,1245.
[2] See Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, 204, citing Horton v. Hardwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
[3] See Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus, modifying and explaining Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus.
[4] Id., paragraph two of the syllabus.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] See Section 1910.23, Title 29, C.F.R.
[10] See Civ.R. 56(F)
[11] See State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14, 577 N.E.2d 352, 354.