DECISION AND JUDGMENT ENTRY
{¶ 1} Bank One appeals a Scioto County Common Pleas Court decision granting summary judgment to Roger and Alice Webb. Bank One argues the court confused it with Third-Party Defendant Assurant Group/Union Security Life Insurance Company and ignored its evidence and authorities. Our review reveals that while the court denied Bank One summary judgment because there was a genuine issue of material fact, it proceeded to grant summary judgment to the Webbs. However, if there is a genuine issue of material fact, then neither party is entitled to summary judgment. Additionally, our review reveals the court granted summary judgment to both the third-party plaintiffs and the third-party defendant. However, as each party claims that the other is responsible for the debt owed to Bank One, they cannot both be entitled to summary judgment. Therefore, given the obvious inconsistencies in the court's judgment, we find it necessary to reverse the judgment and remand for further proceedings.
 {¶ 2} In 1996, Roger and Alice Webb obtained a $31,200 line of credit from Bank One by giving the bank a mortgage on their home as security. In connection with this transaction, the Webbs also obtained disability insurance through Union Security. The disability policy only covered Mrs. Webb.
 {¶ 3} Mrs. Webb became disabled in the summer of 1997. At the time, the outstanding balance on the Webbs' account with Bank One was $31,384.51, which included interest and fees. Mrs. Webb promptly filed a claim for disability insurance and Union Security began making monthly payments on the Webbs' obligation to Bank One. In total, Union Security paid Bank One $31,384.51, the amount of indebtedness on the first day of Mrs. Webb's disability. However, because Union Security's monthly benefit payments did not fully cover the Webbs' repayment obligation, interest continued to accrue on the account.
 {¶ 4} In November 2003, Bank One filed a foreclosure action against the Webbs alleging that they owed $15,888.50 on the promissory note. The complaint also named as defendants Beneficial Ohio, who also has a mortgage on the property, and the Scioto County Treasurer. Both the Scioto County Treasurer and Beneficial Ohio responded with an answer and cross-claim. The Webbs responded by filing an answer, a counterclaim against Bank One, and a third-party complaint against Union Security. Union Security filed its answer to the third-party complaint in January 2004. That same month, Bank One replied to the Webbs' counterclaim.
 {¶ 5} Subsequently, the Webbs filed a motion seeking summary judgment on the foreclosure complaint and on their third-party complaint against Union Security. The Webbs argued that the Bank One representative that provided them with the disability insurance information told them that Union Security would pay the loan in full if Mrs. Webb became disabled. They argued that under the disability insurance contract, Union Security was obligated to pay off the Bank One loan. Interestingly, none of the parties was able to produce a copy of the contract between the Webbs and Union Security. On summary judgment, the Webbs provided, among other things, a sample insurance policy from Union Security and a completed copy of their claim form. Union Security filed a response and argued that under the terms of the contract, it was only obligated to pay the amount of the debt existing on the first day of disability. It noted that the amount of debt on the first day of Mrs. Webb's disability was $31,384.51 and it had paid that amount. Union Security later filed a motion for summary judgment raising the same argument. Bank One also filed a motion for summary judgment along with its response to the Webbs' motion. The bank argued that the Webbs could not rely on equitable estoppel to defeat its claim since all they had to do was read the disability policy to understand its terms. It argued that the Webbs had no right to rely on an alleged representation that contradicted the terms of their policy.
 {¶ 6} In December 2004, the trial court issued a judgment entry that purportedly addressed Union Security's motion only. However, in that entry, the court stated: "The Court THEREFORE finds that, based upon the evidence presented herein, there remains genuine issues as to material facts and that Plaintiffs are not entitled to Summary Judgment as a matter of law." Two months later, the trial court issued an amended judgment addressing all three motions for summary judgment. In that entry, the court denied summary judgment to Bank One and granted summary judgment to the Webbs and Union Security. Bank One now appeals and raises the following assignment of error:
The trial court erred by denying summary judgment to Bank One and granting summary judgment to Mr. and Mrs. Webb.
 {¶ 7} In its sole assignment of error, Bank One argues that the trial court erred in granting summary judgment to the Webbs. Initially, the bank argues that the court confused it with Union Security and ignored its evidence and authorities. In addition, the bank argues that the court ignored the plain language of the disability policy when it granted summary judgment to the Webbs. It argues that the Webbs could not reasonably rely on another's alleged representation of the policy's terms when the terms are clearly reflected in the policy.
 {¶ 8} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. See Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. Bosticv. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. See, also, State ex rel. Coulverson v. OhioAdult Parole Auth. (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C).
 {¶ 9} Our review reveals that the court's judgment entry refers to Union Security by the wrong designation. Instead of referring to the company as Third-Party Defendant, the entry refers to it as "Defendant and Third Party Plaintiff". Additionally, at one point in the entry, the court attributes to Bank One an argument made by Union Security. In the entry, the court states: "As stated in Plaintiff's Motion for Summary Judgment, the Eighth District Court of Appeals of Ohio has held that * * *." However, the quote from the Eighth District is found in Union Security's motion for summary judgment, not Bank One's. Most troubling, however, are the entry's final two paragraphs in which the trial court holds:
The Court THEREFORE finds that, based upon the evidence presented herein, there remains genuine issues as to material facts and that Plaintiff, Bank One is not entitled to summary judgment as a matter of law. Based upon the foregoing the Court finds that Plaintiff, Bank One's Motion for Summary Judgment to be not well taken and overrules the same.
The motions for Summary Judgment by Defendants and Third-Party Plaintiffs, Roger and Alice Webb and Union Security Life Insurance Company are hereby sustained and judgment is therefore granted as a matter of law. * * *
 {¶ 10} The entry reveals that the court denied Bank One summary judgment because there was a genuine issue of material fact. It then turned around, however, and granted the Webbs summary judgment on the foreclosure claim. As noted above, summary judgment is appropriate if there are no genuine issues of material fact. See Bostic, 37 Ohio St.3d at 146. When there are cross-motions for summary judgment, as in this case, and a genuine issue of material fact remains, then neither party is entitled to summary judgment. Thus, the trial court rendered an inconsistent decision when it denied summary judgment to Bank One but granted it to the Webbs. If, as the court stated, there is a genuine issue of material fact, then neither Bank One nor the Webbs are entitled to summary judgment on the foreclosure claim.
 {¶ 11} The entry also reveals that the court granted summary judgment to the third-party plaintiffs, the Webbs, and the third-party defendant, Union Security. However, the Webbs and Union Security each claim that the other is responsible for the debt owed to Bank One. Because their positions are contradictory, they cannot both be entitled to judgment as a matter of law. Thus, this portion of the court's decision is also inconsistent.
 {¶ 12} Given the obvious inconsistencies in the trial court's judgment, we find it necessary to reverse the judgment and remand for further proceedings.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.