OPINION
{¶ 1} This appeal is from an April 21, 2006 judgment of the Franklin County Court of Common Pleas. The trial court granted summary judgment in favor of appellees in appellant's civil rights action. For the following reasons, we affirm.
 {¶ 2} On January 12, 2005, appellant, Rayshan Watley, initiated the instant litigation by filing a pro se complaint in the Franklin County Court of Common Pleas pursuant to Section 1983, Title 42, U.S.Code. Appellant's complaint alleged that appellees[1] had violated his civil rights, as well as the rights of other segregated inmates at Southern Ohio Correctional Facility ("SOCF"), by denying out-of-cell recreation time. The complaint asserted that appellees denied appellant recreation time "for no reason" or in retaliation against his numerous complaints and lawsuits.
 {¶ 3} On February 14, 2005, appellant filed a motion seeking to have the case certified as a class action. Nine days later, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court denied both motions in a single decision, dated April 1, 2005. Subsequently, appellees sought and were granted leave to file an answer.
 {¶ 4} On October 19, 2005, appellees filed a motion for summary judgment. Appellant did not file a memorandum in opposition to appellees' motion. However, on October 27, 2005, appellant did file a motion seeking to stay any judgment on appellees' motion until his discovery materials were returned to him. Appellant's motion indicated that appellees had taken all of his legal work, including discovery documents, to prevent him from adequately litigating his case. Appellees did not respond to the motion.
 {¶ 5} On April 21, 2006, the trial court issued a decision granting appellees' motion for summary judgment. The court noted that the motion was unopposed and supported by record and affidavit evidence indicating that appellant was not wrongfully denied recreation time. The court also observed that appellant had not presented any evidence in response to create a genuine issue of material fact.
 {¶ 6} Six days later, the trial court entered a second decision. In the April 27, 2006 decision, the trial court denied appellant's motion to stay or continue judgment. The decision provided appellant 14 days in which to file a memorandum in opposition to appellees' motion for summary judgment. Rather than respond to the court's April 27, 2006 decision, appellant filed a timely notice of appeal from the April 25, 2006 final appealable order.
 {¶ 7} Appellant presents three assignments of error for review:
First Assignment of Error
The court errored in not ordering Defendants to return Mr. Watley's legal materials of the discover items that would have proved his case. [sic]
Second Assignment of Error
The court errored in granting defendants motion for summary judgement and not ruling on Watley's motion to stay defendants motion for judgment and not giving Mr. Watley a chances [sic] to respond to Defendants judgement. [sic]
Third Assignment of Error
The Common Please Court errored in not granting Mr. Watley's motion for the return of his legal materials when the said motion went unopposed by the defendants and made in good faith. [sic]
 {¶ 8} Appellant's assignments of error are interrelated and will be addressed together. In essence, appellant argues that the trial court first committed error by not ruling upon, and granting, his October 27, 2005 motion to stay appellee's motion for summary judgment until his discovery materials were returned. Secondly, appellant contends that the trial court erred in granting appellees' motion for summary judgment. We will address each issue in turn.
 {¶ 9} Although labeled as a motion to stay, appellant's motion can only be considered as a Civ.R. 56(F) motion for an extension of time to respond to appellees' motion for summary judgment. Civ.R. 56(F) provides:
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
 {¶ 10} The language of Civ.R. 56(F) clearly specifies that a motion submitted under the rule must be supported by a valid affidavit. Without a proper supporting affidavit, a trial court is free to consider the merits of the motion for summary judgment without addressing or ruling on the Civ.R. 56(F) motion. Ramseyv. Edgepark, Inc. (1990), 66 Ohio App.3d 99, 104. Furthermore, in State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, the Ohio Supreme Court held that an appellate court may not act to grant relief under Civ.R. 56(F) in the absence of a valid affidavit. Id. at 14.
 {¶ 11} No affidavit was attached to appellant's motion. As such, the trial court acted well within its discretion to proceed directly to the merits of appellees' motion for summary judgment. Regardless, appellant's failure to submit a valid affidavit with his motion precludes further review. Accordingly, with regard to his October 27, 2005 motion, appellant's arguments are not well-taken.
 {¶ 12} We now turn to appellant's challenge to the propriety of summary judgment. Appellate review of a trial court's decision on summary judgment is de novo. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390. We must independently review the record to determine whether summary judgment was appropriate. Mergenthalv. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Pursuant to Civ.R. 56, summary judgment is properly granted only when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 13} The party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding the essential elements of the claims presented. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293. Conclusory assertions that the nonmoving party cannot prove its case are not sufficient to discharge this initial burden. Id. at 293. Similarly, once the burden is satisfied, one cannot prevent summary judgment by merely restating unsubstantiated allegations contained within the original pleadings. Instead, the nonmoving party must demonstrate the continued existence of a genuine issue of material fact by directing the court's attention to relevant, affirmative evidence of the type listed in Civ.R. 56(C). Id., citing Civ.R. 56(E).
 {¶ 14} When presented with a properly supported motion for summary judgment, the nonmoving party acts at its own peril in failing to respond. Ohio law does not recognize "default" summary judgment. Maust v. Palmer (1994), 94 Ohio App.3d 764, 769. However, if an examination of the evidence properly before the court reveals that no genuine issue of material fact remains for trial, summary judgment is appropriate.
 {¶ 15} Appellant is an inmate at SOCF, Ohio's only maximum security penitentiary. Due to behavioral difficulties, appellant has resided almost exclusively within the segregation unit since his incarceration on July 29, 1999. Within the segregation (or disciplinary control) unit, inmates are confined to an isolation cell 24 hours a day, seven days per week, but are permitted one hour of recreation five days per week. Ohio Adm. Code5120-9-11(F)(3). However, the Rules Infraction Board may restrict an inmate's recreation privileges as a disciplinary measure. Ohio Adm. Code 5120-9-11(H).
 {¶ 16} Contrary to appellant's assertions that his recreational privileges were denied "for no reason," appellees submit that appellant's recreation time was only restricted once as punishment. According to a conduct report attached to appellees' motion for summary judgment, appellant refused to allow the guard to remove his handcuffs upon return to his cell from recreation. The guard reported that he directly ordered appellant to stand still so he could remove the restraints. Appellant refused and continued to cause a disruption in the cellblock. Appellant yelled at the guard, insisting that the guard could not order him around and that he would "kick [the guard's] ass" once the handcuffs were removed. With help from another officer, the cuffs were removed without use of force, and appellant continued to threaten the guard as he left appellant's cell.
 {¶ 17} The conduct report indicated that appellant had broken three rules: disobedience of a direct order, creating a disturbance, and threatening a guard. On January 27, 2004, the Rules Infraction Board addressed the conduct report, and appellant was found guilty of breaking all three infractions. The hearing officer imposed a 60-day recreation restriction.
 {¶ 18} Appellees also submitted appellant's record sheet, which documents all of the inmate's daily supervised activities, such as meals, bathing, laundry, and recreation. The record sheet indicates that in the first two weeks of 2004, appellant refused recreation on three of five days.[2] The subsequent weeks reveal a similar pattern of appellant refusing recreation — often as many as three of the five days recreation is provided within the segregated population.
 {¶ 19} Appellant's complaint alleged that appellees were denying him recreation time "for no reason" or in retaliation for his general litigiousness. On the other hand, appellees' motion for summary judgment, as supported by record and affidavit evidence, provides a different explanation: appellant was restricted from recreation time as a sanctioned punishment for poor conduct and would often refuse recreation time when it was offered. Neither case presents a violation of appellant's civil rights. Appellant has presented no evidence to the contrary. Accordingly, the trial court appropriately granted summary judgment in appellees' favor. Appellant's unsupported arguments to the contrary are not persuasive.
 {¶ 20} Having determined that the trial court did not err in addressing appellees' motion for summary judgment before ruling on appellant's motion to stay summary judgment or in granting the motion for summary judgment, we overrule appellant's assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.
[1] The complaint named Linda Coval, Chief Inspector of the Ohio Department of Rehabilitation and Correction ("ODRC"), James Haviland, then Warden at the Southern Ohio Correctional Facility, David Newsome, Deputy Warden of Operations, James Goodman, Institutional Inspector, and Thomas Euton, a recreation Corrections Officer at the facility, as defendants.
[2] Recreation is offered Monday through Friday.