DECISION AND JUDGMENT ENTRY
{¶ 1} Barbara Dennewitz appeals a judgment of the Ross County Court of Common Pleas granting summary judgment in favor of United Ohio Insurance Company (United Ohio). She contends the court erred in concluding that the release from her own previous personal injury case barred her claim for uninsured motorists benefits for the wrongful death of her mother. In that release, appellant relinquished any and all claims that "may in anyway grow out of, or which are the subject of the complaint." Bessie Dennewitz received her fatal injuries in the same accident in which appellant received her physical injuries. Thus, appellant's wrongful death claim arose out of the same accident that was the subject of appellant's bodily injury claim. Because the release from appellant's previous case encompasses the current action, summary judgment in favor of United Ohio is appropriate. Accordingly, we affirm the trial court's judgment.
 {¶ 2} Appellant, and her mother, Bessie Dennewitz, were traveling southbound on High Street when a northbound vehicle crossed the centerline and struck appellant's vehicle. Darling R. Ford, the driver of the northbound vehicle, was uninsured at the time of the accident. Both appellant and her mother suffered serious injury as a result of the accident. One week after the accident, Bessie Dennewitz died from her injuries. At the time of her death, Bessie had four adult children.
 {¶ 3} In March 2001, appellant brought an action against her insurer, United Ohio, to recover for her own personal injuries. Subsequently, appellant settled with United Ohio for $52,500. As part of the settlement, appellant executed a release. Around this same time, the administrator of Bessie's estate filed a wrongful death action against Bessie's insurer, Meridian Mutual Insurance Company (Meridian). Ultimately, the administrator settled with Meridian for $100,000, the limits of Bessie's uninsured motorist coverage. In August 2002, the probate court approved the settlement and ordered the money distributed to Bessie's children. Each of the four children received $16,543.61 from the settlement.
 {¶ 4} In the meantime, in March 2002, Bessie's four children filed the present action against their individual insurance companies. In their complaint, the children sought to recover uninsured motorists benefits for the loss of consortium and other damages arising from the wrongful death of their mother. Subsequently, the four insurance companies filed motions for summary judgment. In its motion, United Ohio argued that the release from appellant's previous personal injury case precluded her from bringing any further claims arising from the same accident. In response, appellant argued that the release did not encompass her claim for damages arising from the wrongful death of her mother. In addition, appellant filed a motion for partial summary judgment seeking a declaration that she was entitled to uninsured motorists coverage under United Ohio's policy. In October 2003, the trial court granted United Ohio's motion concluding the release from appellant's previous case barred her wrongful death claim. Appellant appealed from the court's decision. On appeal, we questioned whether the trial court's decision was a final, appealable order and directed appellant to respond to our concern. Receiving no response to our request, we dismissed appellant's appeal for lack of jurisdiction. Subsequently, the other three children resolved their claims against their insurance companies. The court then issued another decision in which it granted United Ohio's motion for summary judgment, overruled appellant's motion for partial summary judgment, and dismissed appellant's claim against United Ohio. Appellant now appeals and raises the following assignment of error: "The trial court erred in granting summary judgment to defendant, United Ohio Insurance Company."
 {¶ 5} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46; cf., also, State ex rel. Coulverson v. OhioAdult Parole Auth. (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. Structural Fibers, Inc.,78 Ohio St.3d 134, 145, 1997-Ohio-219, 677 N.E.2d 308, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 6} United Ohio acknowledges that appellant would have a valid claim for uninsured motorists coverage were it not for the release she signed in her previous case.[1] United Ohio argues, however, that the release from appellant's previous case precludes her from seeking uninsured motorist coverage for damages arising from her mother's death. Obviously, appellant denies that the release she signed in the previous case encompasses her current claims.
 {¶ 7} A release is a form of contract. See Naroski v.Fallet (1982), 2 Ohio St.3d 77, 79, 442 N.E.2d 1302; Garrisonv. Daytonia Hotel (1995), 105 Ohio App.3d 322, 325,663 N.E.2d 1316. In construing the terms of a contract, the primary objective is to ascertain and give effect to the intent of the parties. Hamilton Ins. Serv. Inc. v. Nationwide Ins. Cos.
(1999), 86 Ohio St.3d 270, 273, 714 N.E.2d 898; Aultman Hosp.Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53,544 N.E.2d 920. The intent of the parties is presumed to reside in the language they choose to employ in their agreement. FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519; Kelly v.Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. If the contract's terms are unambiguous, a court may not interpret the contract in a manner inconsistent with those terms. Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146.
 {¶ 8} Generally, a release of a cause of action is an absolute bar to a later action on any claim encompassed within the release. Haller v. Borror Corp. (1990), 50 Ohio St.3d 10,12, 552 N.E.2d 207. Thus, we must determine whether the release appellant signed encompasses her current claim for uninsured motorists coverage for the damages she suffered arising from the wrongful death of her mother. If it does, then summary judgment in favor of United Ohio is appropriate.
 {¶ 9} The release at issue states, in relevant part:" In consideration of the payments set forth below in the section entitled "Payments", Plaintiff hereby completely, unequivocally releases and forever discharges Defendants and her insurer fromany and all past, present, or future claims, demands, obligations, actions, causes of action, wrongful death claims,
rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, or other theory of recovery, which Plaintiff now have
or which hereafter occur or otherwise be acquired on account of,or may in any way grow out of, or which are the subject of theComplaint, including, without limitation, any and all known or unknown claims for bodily injury and personal injury or loss ofconsortium to Plaintiff or any future wrongful death claim of Plaintiff representatives or heirs, which have resulted or may result from any alleged acts or omissions of theDefendant." (Emphasis added.)
 {¶ 10} The release appellant signed is broad in nature and in our view encompasses any and all claims arising out of the accident that was the subject of her first complaint. In the release, appellant relinquished any and all past, present, or future claims regardless of the theory of recovery. Moreover, the release makes specific mention of loss of consortium and wrongful death claims. Although the present action is not a wrongful death action per se, see R.C. 2125.01, appellant is seeking to recover damages arising from the wrongful death of her mother. In fact, the prayer for relief in appellant's complaint states: "Plaintiff, Barbara E. Dennewitz, demands judgment against Defendant, United Ohio Insurance company, for compensatory damages resulting from the wrongful death of Bessie M. Dennewitz * * *."
 {¶ 11} Appellant notes that her first action did not encompass damages she suffered from her mother's wrongful death, arguing that such a claim would not have been ripe until the final adjudication of the wrongful death action brought by the estate. She argues that because her first action dealt exclusively with her bodily injury claim and since her claim for benefits arising from her mother's wrongful death was not yet ripe for adjudication, the settlement of her bodily injury claim cannot bar this action. Although appellant signed the release in the context of her bodily injury action, the release itself encompasses all past, present, or future claims arising out of the same accident. Bessie received her fatal injuries in the same accident in which appellant received her physical injuries. Thus, appellant's claim arises out of the same accident as her bodily injury claim.
 {¶ 12} Appellant also notes that United Ohio failed to produce a signed copy of the release. She contends United Ohio "wholly failed to present any evidence as to the terms of a release signed by Barbara Dennewitz in connection with the settlement of her own bodily injury action."
 {¶ 13} Attached to United Ohio's summary judgment motion is an unsigned copy of the settlement agreement and release. This unsigned release is accompanied by a letter to appellant's attorneys. In the letter, United Ohio indicates that appellant failed to return the signed settlement agreement and release despite having received the settlement money. In her deposition, appellant acknowledged that she signed the release. In addition, appellant's attorneys stipulated, at appellant's deposition, that the release is authentic and that appellant signed the release.
 {¶ 14} By signing the release, appellant relinquished all past, present, or future claims arising out of the accident. This included her claim for uninsured motorists benefits arising from the wrongful death of her mother. Because the release encompasses appellant's current claim, we conclude summary judgment in favor of United Ohio is appropriate. Accordingly, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Kline, P.J. Abele, J: Concur in Judgment and Opinion.
[1] It is undisputed that at the time of the accident, Barbara resided with her mother. United Ohio's uninsured/underinsured motorists policy defines an insured as: "You or any familymember." Under the policy, a family member is "a person related to you by blood, marriage, or adoption who is a resident of your household." United Ohio's uninsured/underinsured motorists policy provides: "A. We will pay compensatory damages which an insured
is legally entitled to recover from the owner or operator of anuninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. As defined in C.1, C.2, C.4, and D: a. Sustained by an insured; and b. Caused by an accident."